

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2007

# Regan v. Lackawanna Housing

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Regan v. Lackawanna Housing" (2007). *2007 Decisions*. Paper 1681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2355

———

FRANK M. REGAN,

Appellant

v.

LACKAWANNA COUNTY HOUSING AUTHORITY, ROGER SILLNER; KAREN
MANCUS; CARL REMUS; ROBERT DOUGHERTY; JOSEPH BITCOLA; JAMES
TALERICO; JOSEPH SEBASTIANELLI; DAVID RINALDI; *BARBARA RIGO;
COUNTY OF LACKAWANNA; LACKAWANNA COUNTY COMMISSIONERS,
JOSEPH CORCORAN, RAYMOND ALBERIGI, JOHN SENIO

(**Dismissed per the Court's 11/16/04 Order)

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01378)

District Judge: Honorable John E. Jones, III

———

Submitted Under Third Circuit LAR 34.1(a),
December 13, 2006

Before: FUENTES and VAN ANTWERPEN, Circuit Judges, and PADOVA,* District
Judge.

(Filed: February 5, 2007)

———

* Honorable John R. Padova, District Judge for the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION

FUENTES, <u>Circuit Judge</u>.

Appellant Frank Regan sued his former employer Lackawanna County Housing Authority and individuals who he believed played a role in his allegedly wrongful discharge. Regan has asserted numerous claims including procedural due process and First Amendment retaliation claims, under 42 U.S.C. § 1983, and a claim under Title VII. He now appeals two District Court orders dismissing all of his claims pursuant to Fed. R. Civ. P. 12(b)(6) and on summary judgment. Inasmuch as we write this memorandum opinion only for the convenience of the parties who are familiar with the facts, we need not set forth the background of the case at length.

At the time of his discharge, Regan had admitted to an independent investigator that he had made a sexually suggestive remark to a 16-year-old summer intern at the Housing Authority.[1] The Housing Authority did not accuse Regan of sexually harassing the intern, but did require that he attend "sensitivity training" — a directive that Regan refused to comply with for nearly four months before he was finally terminated. At the core of all the claims in this case are the parties' competing accounts of the main reason

---

[1] Regan admitted that he told the intern, "I have a tattoo in a private place," and then revealed a Green Bay Packers decal affixed to his tooth. (Supp. App. at 542.) He testified that he may have also said "[d]o you want to see it," before he showed her his tooth. <u>Id.</u>

why Regan was terminated. Appellees maintain that Regan was terminated because of his refusal to attend the training, a reasonable employment-related request. Regan maintains that he was terminated because the intern leveled unsubstantiated allegations of sexual harassment and because of his political beliefs.

In two extensive written opinions, the District Court dismissed this case essentially because Regan's take on the relevant events is contrary to the preclusive factual findings of the Pennsylvania Civil Service Commission and is otherwise wholly unsubstantiated by the record.[2] While this was the heart of the Court's reasoning, it gave ample attention to all of Regan's legal claims, providing detailed reasons for dismissing each one. On appeal, Regan contends that the District Court erred.

The Third Circuit reviews an order granting summary judgment *de novo*, applying the same standard used by the District Court. Sheet Metal Workers' Int'l Assoc. Local 19 v. Herre Bros., Inc., 201 F.3d 231, 239 (3d Cir. 1999). A grant of summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and

---

[2] Defendants' 2001 Motion to Dismiss before Judge Vanaskie requested relief under Fed. R. Civ. P. 12(b)(6) or in the alternative on summary judgment. Both motions rested on the ground that an unappealed decision of the Pennsylvania Civil Service Commission, which determined Regan had been dismissed for "just cause," precluded all of Regan's claims. Judge Vanaskie granted the motion in part and denied it in part, but did not specify whether he was deciding pursuant to Rule 12(b)(6) or on summary judgment pursuant to Rule 56(c). Because Judge Vanaskie determined that the Commission's factual findings, when given the appropriate preclusive effect, meant that Regan could not prove certain allegations on the face of his complaint, we will treat the 2001 order as a disposition under Rule 12(b)(6). Yet, had the 2001 motion been decided under Rule 56 our holding would be the same. There is no question that the 2004 order and opinion were decided on summary judgment.

3

affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "We exercise plenary review over the grant of a motion to dismiss." Brown v. Card Service Center, 464 F.3d 450, 452 (3d Cir. 2006). "When considering an appeal from a Rule 12(b)(6) dismissal, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Id. As such, "we must determine whether the plaintiff may be entitled to relief under any reasonable reading of the complaint." Id.

After careful review of the briefs and appendices submitted by the parties, which include relevant deposition transcripts, we find no basis for disturbing the District Court's rulings. Therefore, we will affirm the judgment for substantially the same reasons set forth by District Judge Jones in his memorandum opinion dated April 16, 2004, and those set forth in Judge Vanaskie's opinion filed on November 29, 2001.